**Stacy K. PERKINS, Plaintiff–Appellant,**

v.

**DAIMLERCHRYSLER CORPORATION, Defendant–Appellee.**

No. 03–3878.

United States Court of Appeals, Seventh Circuit.

Submitted March 4, 2004.*

Decided March 4, 2004.

Stacy K. Perkins, pro se, Indianapolis, IN, for Plaintiff–Appellant.

Lee B. McTurnan, McTurnan & Turner, Indianapolis, IN, for Defendant–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

**ORDER**

Stacy Perkins was hired by DaimlerChrysler as a temporary part-time employee in June 1998. As provided by the collective bargaining agreement in effect between DaimlerChrysler and its union, temporary employees do not accrue any seniority until their status is converted to full-time. Perkins received several negative performance evaluations from his supervisors that delayed his promotion to full-time status, but he was eventually promoted in March 2000. Eight months later DaimlerChrysler laid off a large number of employees, including Perkins, on the basis of seniority. Perkins filed charges with the EEOC and, after receiving a right-to-sue letter, filed this suit alleging that he should have been promoted in January 1999 but was denied either because of his age (39 years old), or his race (African–American), in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.; Title VII, 42 U.S.C. § 2000e, et seq.; and 42 U.S.C. § 1981. The district court granted summary judgment to DaimlerChrysler for several reasons: Perkins's EEOC charges were untimely; he filed suit more than six months after his layoff, in violation of his employment contract; he presented no direct evidence of discrimination; he failed to establish under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), that he was meeting his employer's legitimate expectations or that other similarly situated employees were treated more favorably; he failed to show that DaimlerChrysler's proffered reason for not promoting him sooner—Perkins's poor performance—was pretextual; and he was not old enough to be protected by the ADEA.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

Perkins's only argument on appeal is that he did file a timely charge with the EEOC with respect to his claim under Title VII. But his failure to address the other grounds on which the district court granted summary judgment is fatal. Although we construe pro se pleadings liberally, *see McCormick v. City of Chicago,* 230 F.3d 319, 325 (7th Cir.2000), Perkins has waived any challenge to several of the independent grounds for the district court's decision, *see Ajayi v. Aramark Bus. Servs., Inc.,* 336 F.3d 520, 529 (7th Cir.2003). At most, he makes a "generalized assertion of error" with respect to the district court's other grounds for granting summary judgment, and this is insufficient to comply with Fed. R.App. P. 28(a)(9) and preserve those issues for appeal. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001).

AFFIRMED.